IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ANTHONY SPENCER GREEN SR., | |
|---|---|
| Plaintiff, | **8:19CV84** |
| vs. | |
| CREIGHTON/CHI HEALTH, ANNIE E. KNIERIM, (Unmc) Phusicians: Knierim Ann E. (MD); VIRGINIA J. SMITH, APRN, NP, BSN, Psychiatry CHI Health; REBECCA STORMONT, Rebecca Stormont, (MD) Aurora Health Care; and CHI HEALTH, Corporate Responsibility Officer; | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff filed his Complaint on February 21, 2019. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against four Defendants: Creighton/CHI Health, Annie E. Knierim, M.D., Rebecca Stormont, M.D., and Virginia J. Smith, A.P.R.N. (Filing No. 1.) Plaintiff alleges that he is a citizen of Nebraska. (Id. at CM/ECF p. 3.) He alleges that Creighton/CHI Health has its principal place of business in Nebraska, and he provides the Nebraska work addresses of Defendants Knierim and Smith and a Wisconsin address for Stormont. (Id. at CM/ECF pp. 2–3.) Condensed and summarized, the court understands Plaintiff's claim to be that Defendants denied him proper medical attention by refusing to test "the medical

hardware in the Plaintiff's lower right leg for unseen energy," "harmful chemicals," and "electromagnetic radiation and frequency readings." (*Id.* at CM/ECF pp. 4–5.) Plaintiff alleges Defendants have misdiagnosed him "by telling the Plaintiff that his sinuses cased the unseen energy attacks and poison the Plaintiff was feeling." (*Id.* at CM/ECF p. 4.) Defendants also refuse to remove the broken screw and medical hardware from Plaintiff's leg "leaving the Plaintiff[']s life in danger" of future harm from "Brain Tumors, Cancer, along with major org[a]n failure." (*Id.* at CM/ECF pp. 4–5.) Plaintiff seeks removal of the medical hardware and $2.25 million in monetary and punitive damages for pain and suffering and mental anguish. (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a]

pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

In evaluating Plaintiff's claims, the court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Plaintiff has alleged diversity of citizenship under 28 U.S.C. § 1332 as a basis for the court's jurisdiction, (*see* filing no. 1 at CM/ECF p. 1), but it is apparent from the Complaint that the court lacks subject matter jurisdiction and this action must be dismissed.

Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, the Complaint states Plaintiff is a citizen of Nebraska and states that Nebraska is also the place of incorporation and principal place of business of Creighton/CHI Health. The Complaint fails to state the citizenship of the individual Defendants but lists Nebraska work addresses for two of the Defendants. Based on these allegations, the Complaint fails to establish that subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

However, subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit*

*Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff does not set forth any allegation that could be liberally construed to violate any federal statute. Plaintiff's Complaint does not contain any allegations reasonably suggesting Defendants violated Plaintiff's constitutional rights while acting under color of state law. Accordingly, Plaintiff's allegations do not establish that federal question jurisdiction exists in this matter.

Even if Plaintiff could correct these jurisdictional defects in an amended complaint, Plaintiff's factual allegations are entirely baseless, fanciful, fantastic, or delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous, and disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a complaint is frivolous where it lacks an arguable basis either in law or in fact). Accordingly, the court will dismiss this action as frivolous and with prejudice as the defects in the Complaint cannot be remedied through more specific pleading. *See* 28 U.S.C. § 1915(e)(2)(B).

IT IS THEREFORE ORDERED that Plaintiff's Complaint (filing no. 1) is dismissed with prejudice as frivolous. The court will enter judgment by a separate document.

Dated this 29th day of July, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge
